UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | |
|---|---|
| DAUNTE BYRD, ) | |
| ) | |
| Petitioner, ) | Civil Case No. |
| ) | 7: 21-060-JMH |
| V. ) | |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | **MEMORANDUM OPINION** |
| Respondent. ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Daunte Byrd is a federal prisoner currently confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky. Proceeding without counsel, Byrd has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence by the Bureau of Prisons ("BOP") [R. 1] and has now paid the $5.00 filing fee. [R. 5]. This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243.[1]

In his § 2241 petition, Byrd claims that his sentence is not currently calculated correctly because his federal sentence should be running concurrently with a state sentence. [R. 1]. However,

---

[1] A petition will be denied on initial screening "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

the Court has reviewed Byrd's petition and concludes that it must be denied without prejudice, as it is evident from the face of the petition that Byrd has not yet fully exhausted his administrative remedies with respect to his claim.

It has long been the rule that, before a prisoner may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). *See also Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Leslie v. United States*, 89 Fed. Appx. 960, 961 (6th Cir. 2004)("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the

applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

In his § 2241 petition, Byrd indicates that he filed an administrative grievance using a BP-9 Form with the Warden on April 13, 2021, which the Warden denied on May 3, 2021. [R. 1 at p. 6-8; R. 1-2 at p. 1-3] He further indicates that he filed an administrative appeal to the Regional Director on a BP-10 Form filed on May 9, 2021, which was denied by the Regional Director on June 21, 2021. [R. 1 at p. 6-8; R. 1-2 at p. 4-6].

However, Byrd admits that he did not appeal the denial of his request to the BOP's Office of General Counsel. His Memorandum submitted in support of his petition claims that he "is not obligated to complete the grievance process, because under a practice and custom the respondent does not respect its own program, due to an unlawful practice and acts of legal malfeasance design to tripwire the policy default procedures." [R. 1-1 at p. 6]. He further states that prison staff "has a bad habit of tampering with all inmate's grievance forms, after they had made it safely to region, *Risher v. Lappin*, 639 F.3d 236, 239 (6th Cir.

3

2011), and was detached once the remedy was returned, and photocopies replacements was substituted as a means to invoke the ("BOP") default rejection procedures." [*Id*. at p. 7].[2]  Finally, he argues that "[t]he Courts have judicially redrafted Section 2241" and that, by requiring administrative exhaustion, "the Sixth Circuit is implying a legal condition Congress never authorized." [*Id*.].

However, Byrd's legal theory that administrative exhaustion is not required is contrary to federal law and, if accepted, would frustrate the purposes of the exhaustion requirement. *See Woodford*, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted). The exhaustion requirement preserves the agency's administrative authority by providing it with "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Id*. at 89. A prospective litigant must therefore present their administrative

---

[2] In *Risher*, the Sixth Circuit concluded that a prisoner's efforts to exhaust his administrative remedies were sufficient under the circumstances where the prisoner, having failed to receive a response from the Regional Director within the time provided, treated the failure to respond to his appeal as a denial, which he then appealed to the BOP's Central Office.  *Risher*, 639 F.3d at 240.  Here, however, Byrd admits that he did not attempt to appeal *at all* to the BOP's General Counsel.

grievance in such a manner as to "give the agency a fair and full opportunity to adjudicate their claims ..." *Id*. at 90.

It is true that there are circumstances where the failure to fully exhaust administrative remedies prior to filing a habeas petition may be excused because "an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross v. Blake*, 136 U.S. 1850, 1859 (2016)(the administrative process may be considered unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," such as by "devis[ing] procedural systems…in order to 'trip[] up all but the most skillful prisoners,'" or by "[misleading] or threaten[ing] individual inmates so as to prevent their use of otherwise proper procedures.")(quoting *Woodford*, 548 U.S.at 102). However, Byrd's vague accusations that prison staff has a "bad habit" of tampering with forms (even after those forms had "made it safely" to the next level of appeal), and that prison staff replaced his original BP-10 with a photocopy, are insufficient to suggest that the administrative grievance process was "unavailable" to him, so as to excuse the administrative exhaustion requirement altogether. *Bell v. Ward*, 189 F. App'x 802, 803-04 (10th Cir. 2006)(citations omitted)("A plaintiff seeking to be excused from the exhaustion requirement on [unavailability]

5

grounds must do more than make unsupported conclusory allegations of misconduct by prison officials.").

Because Byrd filed his § 2241 petition in this Court prior to fully exhausting his available administrative remedies with respect to his claims, his petition is premature and will be denied without prejudice. While this case will be closed, after the administrative remedy process is complete, Byrd may file a new petition in an entirely new case regarding this matter should he choose to do so. However, if Byrd still wishes to file a § 2241 petition at that time, he is advised that, to properly initiate a case in this Court, he must complete two steps at the same time: (1) file his habeas petition on a form approved for use by this Court; and (2) either pay the $5.00 filing fee, move for leave to proceed *in forma pauperis*, or submit a copy of a BP-199 Form that he filed with prison officials requesting that the prison withdraw funds from his inmate account to pay the filing fee.

Accordingly, it is hereby **ORDERED** as follows:

1. Byrd's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE**.
2. The Court will enter an appropriate judgment.
3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

6

This the 19th day of August, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

7